FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEBRASKA

05 FEB 17 PM 1:03

OFFICE OF THE CLERK

SHERRY DAMROW,                          )     CASE NO. 4:05CV3040
                                        )
            Plaintiff,                  )
                                        )
    vs.                                 )
                                        )
FIRST NATIONAL BANK OF HOLDREGE,        )     **NOTICE OF REMOVAL
KENNETH SLOMINSKY, ERIC TITUS,          )     AND REQUEST FOR PLACE
RONALD STERR, TIM WIEBE, JEANETTE       )     OF TRIAL**
HARDEN, KIRK RILEY, MARK UTTER,         )
and DOUGLAS SCOTT LATTER,               )
                                        )
            Defendants.                 )
                                        )

MAGISTRATE JUDGE
PIESTER

TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA:

Defendants, First National Bank of Holdrege ("FNBH"), Eric Titus ("Titus"), Douglas

Scott Latter ("Latter"), Kenneth Slominski ("Slominski"), Ronald Sterr ("Sterr"), Tim Wiebe

("Wiebe"), Jeanette Harden ("Harden"), Kirk Riley ("Riley"), and Mark Utter

("Utter")(collectively the "Defendants") hereby file their Notice of Removal of this action from

the District Court of Phelps County, Nebraska, and state as follows:

1.     The Defendants are all of the defendants in Civil Action No. CI04-210 filed on

December 23, 2004, in the District Court of Phelps County, Nebraska.   Pursuant to the

provisions of 28 U.S.C. §§ 1441 and 1446, the Defendants remove this action to the United

States District Court for the District of Nebraska, which is the judicial district in which the action

is pending.

2.     All of the Defendants in this action join in filing this Notice of Removal.

3.     The grounds for removal of this action are as follows:

a.     This is an action of a civil nature over which this Court would have original jurisdiction under 28 U.S.C. § 1331 in that it arises under the laws of the United States within the meaning of that statute.

b.     In addition, the Plaintiff alleges that the Defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO") at 18 U.S.C. § 1961 *et seq.* Accordingly, this Court would have original jurisdiction over this action pursuant to 18 U.S.C. § 1964(c).

c.     The other grounds for relief asserted by the Plaintiff in its action all arise out of the same set of facts and are part of the same case and controversy, so that this Court has supplemental jurisdiction over them within the meaning of 28 U.S.C. § 1367(a).

Therefore, this is an action over which this Court would have had original jurisdiction had it been filed initially in this Court and removal to this Court is proper under the provisions of 28 U.S.C. § 1441(a) and/or (b).

4.     The Complaint and Jury Demand was filed by the Plaintiff in the District Court of Phelps County, Nebraska, on December 23, 2004.  Plaintiff filed its Amended Complaint and Jury Demand in the District Court of Phelps County, Nebraska, on February 4, 2005.  Service was effected on the Defendants on the following dates: Riley, February 8, 2005; Wiebe, February 9, 2005; Slominski, February 10, 2005; Sterr, on or about February 10, 2005 (summons issued February 4, 2005); Utter, February 11, 2005; Harden, February 15, 2005; FNBH, Titus, and Latter, February 16, 2005.

5.     None of the Defendants in this action were served with process prior to February 4, 2005.

2

6.     This Notice of Removal is filed within thirty (30) days of the date that any Defendant in this action first received the Complaint "by service or otherwise" within the meaning of 28 U.S.C. § 1446(b), and it is therefore timely under 28 U.S.C. § 1446(b)

7.     Pursuant to the provisions of 28 U.S.C. § 1446(a), the Defendants attach to this Notice of Removal and incorporate by reference copies of the following papers, which are all of the process, pleadings and orders served on or filed by them prior to their removal of this action:

a.     The Plaintiff's Complaint and Jury Demand filed on December 23, 2004, in the District Court of Phelps County, Nebraska, Case No. CI04-210, which is marked as Exhibit "A."

b.     The Plaintiff's Amended Complaint and Jury Demand filed on February 4, 2005, in the District Court of Phelps County, Nebraska, Case No. CI04-210, which is marked as Exhibit "B."

c.     The Voluntary Appearance of FNBH, Titus, and Latter served on February 16, 2005, and filed in the District Court of Phelps County, Nebraska, Case No. CI04-210, which is marked as Exhibit "C."

d.     The various Summonses served on Slominski, Sterr, Wiebe, Harden, Riley, and Utter, which are marked as Exhibits "D" through "I."

8.     Written notice of the filing of this Notice of Removal will be served on counsel for Plaintiff as required by law.

9.     A true and correct copy of this Notice of Removal will be filed with the Clerk of the District Court of Phelps County, Nebraska, as required by law, and served upon counsel for the Plaintiff.

### REQUEST FOR PLACE OF TRIAL

Defendants request that the trial of this matter be at Lincoln, Nebraska.

WHEREFORE, Defendants, First National Bank of Holdrege, Eric Titus, Douglas Scott Latter, Kenneth Slominski, Ronald Sterr, Tim Wiebe, Jeanette Harden, Kirk Riley, and Mark Utter request that this case be removed from the District Court of Phelps County, Nebraska, where it is now pending, to this Court, and that this Court accept jurisdiction of this action and that this action be placed upon the docket of this Court for further proceedings as if the case had been originally instituted in this Court.

DATED this 17th day of February, 2005.

> FIRST NATIONAL BANK OF HOLDREGE,
> ERIC TITUS, DOUGLAS SCOTT LATTER,
> JEANETTE HARDEN, KIRK RILEY and
> MARK UTTER, Defendants,
>
>
> By: /s/ Matthew W. Lytle
>     William F. Hargens, NE #16578
>     Robert J. Bothe, NE #15018
>     James J. Niemeier, NE #18838
>     Matthew W. Lytle, NE #22928
>     McGrath North Mullin & Kratz, PC LLO
>     Suite 3700 First National Tower
>     1601 Dodge St.
>     Omaha, Nebraska 68102
>     (402) 341-3070
>     (402) 341-0216 fax
>     whargens@mnmk.com
>     rbothe@mnmk.com
>     jniemeier@mnmk.com
>     mlytle@mnmk.com
>
> *Attorneys for Defendants First National Bank of Holdrege, Eric Titus and Douglas Scott Latter*
>
> *Attorneys for Defendants Jeanette Harden, Mark Utter and Kirk Riley for Purposes of This Filing Only*

RONALD     STERR,   and   TIM   WIEBE,
Defendants


By: /s/ Timothy A. Shultz
   Timothy A, Shultz (#22533)
   Parker & Hay, LLP
   1129 S.W. Wanamaker Road
   Topeka, Kansas  66605
   (785) 228-5736




KENNETH SLOMINSKI, Defendant


By: /s/ Claude E. Berreckman, Jr.
   Claude E. Berreckman, Jr. (#17049)
   Berreckman & Berreckman. P.C.
   801 Meridian Avenue
   P.O. Box 214
   Cozad, Nebraska  69130-0214
   (308) 784-2040

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served on the following listed below by United States mail, postage prepaid, this 17th day of February, 2005.

Steven P. Vinton
BACON & VINTON, LLC
416 10th Street
P.O. Box 208
Gothenburg, NE  69138

P. Stephen Potter
P. STEPHEN POTTER, P.C.
822 Lake Avenue
P.O. Box 348
Gothenburg, NE  69138

/s/ Matthew W. Lytle
Matthew W. Lytle

IN THE DISTRICT COURT OF PHELPS COUNTY, NEBRASKA

| | |
|---|---|
| SHERRY DAMROW, | CASE NO. CI04- 210 |
| Plaintiff, | |
| vs. | COMPLAINT AND JURY DEMAND |
| FIRST NATIONAL BANK OF HOLDREGE, KENNETH SLOMINSKY, ERIC TITUS, RONALD STERR, TIM WIEBE, JEANETTE HARDEN, KIRK RILEY, MARK UTTER, and DOUGLAS SCOTT LATTER, | |
| Defendants. | |

COMES NOW Sherry Damrow (herein "Plaintiff"), by and through her attorneys Bacon & Vinton, LLC and P. Stephen Potter, PC, and for his Complaint against the Defendants and each of them, states and alleges as follows:

### PARTIES, RELEVANT NON-PARTIES JURISDICTION, VENUE

1.    Plaintiff is a resident of Phelps County, Nebraska. Plaintiff was formerly married to Dennis Damrow. The marriage of Plaintiff and Dennis Damrow was dissolved by the District Court of Phelps County, Nebraska, Case No. 01-114 on August 6, 2002. Pursuant to the terms of the decree entered in that case, all claims of Dennis Damrow against the Defendants herein were awarded and assigned to Plaintiff

2.    First National Bank of Holdrege (hereafter "FNB Holdrege") is a national banking corporation with offices in Holdrege, Nebraska. At times material to this action, FNB Holdrege has acted through its officers and agents, including, Defendants Kenneth Slominsky, Eric Titus, Ronald Sterr, Tim Wiebe, Jeanette Harden, Kirk Riley, and Mark Utter.

3.    Kenneth Slominski ("Slominski") is the former president of FNB Holdrege and is named in his former capacity and individually.

FILED

DEC 2 3 2004

JENNIFER L. NELSON

PENGAD 800-631-6989   EXHIBIT "A"

4.      Eric Titus ("Titus") is a current officer and director of FNB Holdrege and is named in this capacity and individually.

5.      Ronald Sterr ("Sterr") is a former officer and employee of FNB Holdrege and is named in this capacity and individually.

6.      Tim Wiebe ("Wiebe") is a former officer and employee of FNB Holdrege and is named in this capacity and individually.

7.      Jeanette Harden ("Harden") is a former officer and employee of FNB Holdrege and is named in this capacity and individually.

8.      Kirk Riley ("Riley") is a former officer and employee of FNB Holdrege and is named in this capacity and individually.

9.      Mark Utter ("Utter") is a former officer and director of FNB Holdrege and is named in this capacity and individually.

10.     Douglas Scott Latter ("Latter") is a current officer and employee of FNB Holdrege and is named in this capacity and individually.

11.      DFF, Inc. (herein "Damrow Finance"), was an affiliate of Damrow Cattle and provided financing to Damrow Cattle's customers. FNB Holdrege provided Damrow Finance the funds that Damrow Finance loaned to Damrow Cattle's customers so they could finance the purchase, ownership, and feeding of cattle at Damrow Cattle's feedlot(s). FNB Holdrege also provided Damrow Cattle the financing Damrow Cattle needed to procure cattle and to meet its working capital needs.

12.     Pursuant to Neb. Rev. Stat. §§ 25-403.01 and 25-403.02, Phelps County is the appropriate venue for this matter.

## FACTS COMMON TO ALL CLAIMS

13.     Based upon information and belief, the following facts are stated. At all times material, Damrow Cattle, Inc. ("Damrow Cattle") operated a feedlot feeding its own cattle and cattle owned by third parties.

14.     In and about 1997, FNB Holdrege sold to First National Bank of Omaha ("FNB Omaha") participations in loans made by FNB Holdrege to Damrow Cattle and Damrow Finance. Under the terms of their participation agreement(s), the participations had the effect of reducing FNB Holdrege's loan balances owed by Damrow Cattle and Damrow Finance.

15.     In early 2000, FNB Holdrege approached FNB Omaha about having FNB Omaha refinance loans made by FNB Holdrege to Damrow Cattle and Damrow Finance.

16.     On or about April 14, 2000, at the request and inducement of FNB Holdrege, FNB Omaha refinanced FNB Holdrege's loan to Damrow Cattle and Damrow Finance (hereinafter the "FNB Omaha/Damrow Cattle Take Out Loan"). Damrow Cattle complied with all conditions imposed upon it by FNB Omaha in order to refinance its debt owed to FNB Holdrege.

17.     At or near the time FNB Holdrege induced FNB Omaha to refinance the Damrow Cattle loans, FNB Holdrege represented to Damrow Cattle that FNB Omaha would continue to provide financing to Damrow Cattle. In reliance on these representations, Damrow Cattle entered into agreements to purchase and feed cattle for Plaintiff.

18.     In inducing the FNB Omaha/Damrow Cattle Take Out Loan, FNB Holdrege intentionally provided commercial information which was inaccurate. FNB Holdrege knew and it was also reasonably foreseeable that the commercial information supplied by FNB Holdrege in connection with Damrow Cattle financing would be given to and relied upon by third parties,

including Plaintiff. Plaintiff was reasonably entitled to rely upon FNB Holdrege's commercial information.

19.      At all times material, FNB Holdrege knew about, coordinated and actively arranged the making of the FNB Omaha/Damrow Cattle Take Out Loan.

20.      On January 11, 2001, within 8 months of making the FNB Omaha/Damrow Cattle Take Out Loan, FNB Omaha withdrew its loan commitment to Damrow Cattle and Damrow Cattle was placed in receivership by the District Court of Phelps County, Nebraska. At the time such receivership was filed, Plaintiff became aware that Damrow Cattle may be unable to perform under its contract with Plaintiff for the purchase and feeding of cattle, and that Damrow Cattle may be unaware to pay the balance owed under the contract to purchase Plaintiff's stock in Damrow Cattle.

21.      Upon information and belief, both prior to and on January 11, 2001, FNB Holdrege and Defendants Slominsky, Titus, Sterr, Wiebe, Harden, Riley and Utter knew, participated and otherwise organized a fraud upon Damrow Cattle's creditors, including FNB Omaha and Plaintiff as a participant in the FNB Omaha/Damrow Cattle Take Out Loan. More specifically, Defendants knew that Damrow Cattle's operating loan would be terminated. Based upon concealments, conspiracies, misrepresentations and actively participating in fraud, Defendants misled Plaintiff into entering into contracts with Damrow Cattle for the purchase of corn and lending money to Damrow Cattle.

22.      Damrow Cattle is now insolvent and unable to pay any of the amounts it owes Plaintiff.

23.      FNB Holdrege and Defendants Sterr and Wiebe, in 1999 caused Damrow Cattle loan proceeds to be improperly paid to Carter, in the amount of approximately $245,000.00.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

24.     The Plaintiff realleges and incorporates by reference herein all of the foregoing paragraphs of this Complaint. In reliance upon the agreement referenced above, Damrow Cattle entered into a contract with Dennis Damrow to purchase feeder cattle for $314,929.00. Dennis Damrow paid Damrow Cattle the sum of $314,919.00 for such cattle.

25.     On or about April 14, 2000, FNB Omaha entered into a loan agreement with Damrow Cattle, whereby FNB Omaha agreed to finance certain cattle and feed purchases by Damrow Cattle for the benefit of Dennis Damrow. The actions and misrepresentations of FNB Holdrege and the other Defendants as set forth above caused FNB Omaha to withdraw its loan commitment to Damrow Cattle. The withdrawal of the loan commitment, caused Damrow Cattle to be unable to perform under its contract with Dennis Damrow to feed cattle.

26.     The Defendants' actions in supplying false and misleading information, and causing loan proceeds and cattle sale proceeds to be misapplied constitute a breach of the contract between FNB Holdrege and FNB Omaha.

27.      Plaintiff is a third party beneficiary of the contract between FNB Holdrege and Damrow Cattle and is entitled to recover his damages resulting from the breach of such contract from the Defendants.

28.     Dennis Damrow has not been repaid for the money he invested to purchase cattle, and has not received the sale proceeds from the sale of cattle purchased by him.

29.     As a result of the actions and misrepresentations of FNB Holdrege and the other Defendants as set forth above, the Plaintiff was unable to continue to make payments on her home mortgage in favor of Adams Bank and Trust Company. As a result of the inability to pay, Adams Bank and Trust Company sold such house at Sheriff's Sale. At such Sheriff's Sale, held

on September 26, 2001, the home sold for $311,000.00. The home, at such time, had a fair

market value, if properly marketed, of $443,000.00. Therefore, Plaintiff lost the sum of

$132,000.00 as a result of actions of FNB Holdrege and the other Defendants as set forth above.

### SECOND CLAIM FOR RELIEF
#### (Unjust Enrichment)

30.     Plaintiff realleges and incorporates by reference all the foregoing paragraphs of

this Complaint.

31.     The Defendant, FNB Holdrege, received the benefit of the investment in cattle by

Dennis Damrow. The Defendant FNB Holdrege knowingly accepted the benefits of investment

in cattle by Dennis Damrow.

32.     It is inequitable and unconscionable to allow FNB Holdrege to receive the

benefits of the money invested for the feeding of cattle by Dennis Damrow, and FNB Holdrege

should be required to repay to the Plaintiff the money invested in cattle by the Dennis Damrow.

### THIRD CLAIM FOR RELIEF
#### (Fraudulent Misrepresentation / Fraudulent Inducement)

33.     Plaintiff realleges and incorporates by reference herein all the foregoing

paragraphs of this Complaint.

34.     To induce Plaintiff to pay funds to Damrow Cattle to purchase cattle, Defendants

directly and indirectly delivered materially inaccurate and otherwise false documents and

information upon which Plaintiff reasonably relied in entering into said contracts.

35.     Upon information and belief, Defendants knowingly and intentionally

misrepresented the financial condition of Damrow Cattle and concealed their pattern of

misconduct intending to fraudulently induce Plaintiff into paying funds to Damrow Cattle to

purchase cattle.

36.     These representations included, without limitation, verbal and written statements to Damrow Cattle, upon which Plaintiff relied, and verbal statements directly to Plaintiff.

37.     Defendants made these material misrepresentations to Damrow Cattle and Plaintiff, as a positive assertions knowing said misrepresentations to be false when made and/or with a reckless disregard for their truth or falsity.

38.     Defendants fraudulently made said representations with the knowledge and/or intention that Damrow Cattle and Plaintiff, would rely upon them and said representations were specifically intended to and did induce Plaintiff to pay funds to Damrow Cattle and to purchase cattle.

39.     Had Plaintiff been aware of the true facts and information that Defendants misrepresented, concealed, and otherwise failed and neglected to disclose, Plaintiff would not have entered into the cattle purchase contract, and would have refused to do business generally with Damrow Cattle. But for the Defendants' conduct, Plaintiff would not have sustained its damages alleged herein.

40.     As a direct and proximate result of the foregoing, Plaintiff has been damaged by its losses in connection with his payment of funds to Damrow Cattle for the purchase of cattle.

### FOURTH CLAIM FOR RELIEF
### (Fraudulent Concealment / Fraudulent Nondisclosure)

41.     Plaintiff realleges and incorporates by reference all the foregoing paragraphs of this Complaint.

42.     Defendants knowingly and intentionally concealed and/or suppressed material information from Damrow Cattle and Plaintiff, regarding the true financial condition of Damrow Cattle, which information was known by Defendants. More specifically, Defendants knew and concealed or suppressed from Plaintiff certain liabilities and facts, which were not within the reasonably diligent attention, observation, and judgment of Plaintiff including at least the

following: (1) liabilities of Damrow Cattle to Damrow Finance; (2) liabilities of Damrow Finance to FNB Holdrege; (3) liabilities of Damrow Cattle's customers to Damrow Finance; (4) liabilities of Damrow Cattle's customers to FNB Holdrege; and (5) the misdirection of the cash flow at Damrow Cattle.

43.   Defendants had a duty to disclose the true facts concerning the nature of Damrow Cattle's true financial condition, and knew or should have known that ascertainment of these true facts was not within reach of the reasonable diligent attention, observation, and judgment of Plaintiff because of Defendants' affirmative acts and efforts to conceal the same.

44.   Plaintiff was not on notice of, and was not aware of the false misleading nature of Defendants' concealments and/or of the existence of the true facts which had been concealed and/or suppressed.

45.   Defendants' intentional nondisclosures and concealments of material information from Plaintiff were designed to mislead and prevent Plaintiff from learning the true financial condition of Damrow Cattle.

46.   Defendants' intentional nondisclosures and concealments were intended to and did induce Plaintiff into entering into a cattle feeding contract with Damrow Cattle.

47.   As a direct and proximate result of Defendants' knowing and intentional nondisclosures and concealments, Plaintiff was reasonably misled about the true financial condition of Damrow Cattle.

48.   As a direct and proximate result of the foregoing, Plaintiff has been damaged by its losses in connection with the corn and cattle contracts.

## FIFTH CLAIM FOR RELIEF
### (Negligent Misrepresentation)

49.   Plaintiff realleges and incorporates by reference all the foregoing paragraphs of this Complaint.

50.     Defendants negligently and/or recklessly, directly and/or recklessly, directly and/or indirectly, supplied false and misleading documents and information to Damrow Cattle and Plaintiff and/or failed to exercise reasonable care, caution and competence in obtaining and communication these documents and information to FNB Omaha, Damrow Cattle and Plaintiff.

51.     Defendants knew or should have known about the material facts and information concerning improper loan activities regarding Damrow Cattle both before and after Plaintiff entered into the corn contract with Damrow Cattle and loan agreements with Damrow Cattle.

52.     Plaintiff justifiably and reasonable relied on the documents and information to its damage and detriment.

53.     As a direct and proximate result of the foregoing, Plaintiff has been damaged by its losses in connection with the corn contract and loans to Damrow Cattle.

### SIXTH CLAIM FOR RELIEF
### (Conspiracy to Defraud Plaintiff)

54.     Plaintiff realleges and incorporates by reference all the foregoing paragraphs of this Complaint.

55.     Defendants conspired with one another to develop and implement plans to defraud Plaintiff regarding the true nature of Damrow Cattle's financial condition, misapplication of Proceeds and insolvency.

56.     The purpose and intent of Defendants' preconceived plan and conspiracy was to induce Plaintiff into supplying funds for Damrow Cattle to purchase cattle.

57.     Defendants carried out this preconceived plan by unlawfully concealing and misrepresenting the material facts and information regarding Damrow Cattle's true financial condition, including misapplication of Proceeds and insolvency.

## SEVENTH CLAIM FOR RELIEF
### (Violation of Racketeer Influence and Corrupt Organizations Act ("RICO"), 18 U.S.C. §1961 *et seq.*)

58.   Plaintiff realleges and incorporates by reference all the foregoing paragraphs of this Complaint.

59.   As applicable herein, the term "mailed" refers to the United States' Mails and/or any other common carrier. The term "wired" or "faxed" means the use of interstate and/or intrastate wires.

60.   FNB Holdrege is a "person" as that term is defined in the RICO statute, 18 U.S.C. §1961(3).

61.   FNB Holdrege is a federally chartered banking association and is an "enterprise" as that term is defined in the RICO statute, 18 U.S.C. §1961.

62.   Damrow Cattle and Damrow Finance are corporations organized under the laws of the State of Nebraska, and each constitute an "enterprise" as that term is defined under the RICO statute, 18 U.S.C. §1961.

63.   Upon information and belief FNB Holdrege and the other Defendants have engaged in more than two predicate acts as hereinabove alleged which constitute a pattern of racketeering activity as those terms are defined under the RICO statute, 18 U.S.C. §1961. Upon information and belief from as early as 1994 until April 2000, FNB Holdrege engaged in and committed various offenses involving acts which are prohibited under, *inter alia*, 18 U.S.C. §1941 (mail fraud), 18 U.S.C. §1343 (wire fraud), and 18 U.S.C. §1344 (financial institution fraud) which further constitute a patter of racketeering activity by and through a series of predicate acts which have continuity and a relationship to each other and that amounted to a threat of continued, unlawful and illegal activity. Upon information and belief FNB Holdrege has and other named Defendants have, through a series of predicate acts and pattern of racketeering

activity, all of which were in violation of 18 U.S.C. §1962, caused Plaintiff to be damaged in an amount to be proved at trial.

64.    Upon information and belief FNB Holdrege, and the other Defendants, have conducted and participated, directly and indirectly, in the conduct of business with Damrow Cattle and Plaintiff through a series of predicate acts and a pattern of racketeering activity, all in violation of the RICO statute, 18 U.S.C. §1962, which has caused and continues to cause damage to Plaintiff in an amount to be proved at trial.

65.    Upon information and belief FNB Holdrege and the other named Defendants have conspired to violate 18U.S.C. §1962(b) and 18 U.S.C. §1962(c), in violation of 18 U.S.C. §1962(d), all as alleged herein.

66.    As the direct and proximate result of the foregoing, Plaintiff has sustained and will continue to sustain damages. Plaintiff is entitled to recover treble damages and the costs of this suit, including reasonable attorneys' fees, pursuant to 18 U.S.C. §1964(c).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, respectfully requests that the Court enter judgment against Defendant First National Bank of Holdrege, Defendant Kenneth Slominsky, Defendant Eric Titus, Defendant Sterr, Defendant Wiebe, Defendant Harden, Defendant Riley, Defendant Utter, and Defendant Latter jointly and severally, as follows: (a) for special damages as proven at trial; (b) for general damages as proven at trial; (c) for pre-judgment interest and post-judgment interest as allowed by law; (d) for treble damages and attorneys' fees and costs incurred; and (e) for such other and further relief, including consequential damages deemed appropriate by the Court.

## JURY DEMAND

Plaintiff respectfully demands trial by jury.

DATED this 23   day of December, 2004.

Sherry Damrow, Plaintiff

## VERIFICATION

STATE OF NEBRASKA      )
                       ) SS
COUNTY OF DAWSON       )

The undersigned, Sherry Damrow hereby declares and affirms that she has read the

foregoing Complaint and that its contents are true and correct to the best of her knowledge and

belief.

_Sherry a. Damrow_
Sherry Damrow

Subscribed to and sworn before me, a Notary Public, on this 23 day of December, 2004.

_Linzy A Hoesel_
Notary Public

GENERAL NOTARY - State of Nebraska
LINZY A. HOESEL
My Comm. Exp. Oct. 1, 2005

Steven P. Vinton, #17817
BACON & VINTON, LLC
Attorneys at Law
416 10th Street
PO Box 208
Gothenburg, NE 69138
(308) 537-7161
and,


P. Stephen Potter, #13371
P. STEPHEN POTTER, P.C.
Attorney at Law
822 Lake Avenue
PO Box 348
Gothenburg, NE 69138
(308) 537-7119
Attorneys for Plaintiff

IN THE DISTRICT COURT OF PHELPS COUNTY, NEBRASKA

| | |
|---|---|
| SHERRY DAMROW, | CASE NO. CI04-210 |
| Plaintiff, | |
| vs. | CERTIFICATE OF SERVICE |
| FIRST NATIONAL BANK OF HOLDREGE, KENNETH SLOMINSKI, ERIC TITUS, RONALD STERR, TIM WIEBE, JEANETTE HARDEN, KIRK RILEY, MARK UTTER, and DOUGLAS SCOTT LATTER | COPY |
| Defendants. | |

The undersigned hereby certifies that on the _11_ day of February, 2005, a true and correct copy of the Amended Complaint filed in this action was mailed to the following individuals by U.S. First Class Mail, postage prepaid.

Douglas Scott Latter
c/o Robert J. Bothe
1601 Dodge Street, Suite 3700
Omaha, NE 68102

Eric Titus
c/o Robert J. Bothe
1601 Dodge Street, Suite 3700
Omaha, NE 68102

First National Bank
c/o Robert J. Bothe
1601 Dodge Street, Suite 3700
Omaha, NE 68102

Sherry Damrow, Plaintiff

By _____
Steven P. Vinton, #17817
BACON & VINTON, LLC
416 10th Street, PO Box 208
Gothenburg, NE 69138
(308) 537-7161

EXHIBIT "B"

IN THE DISTRICT COURT OF PHELPS COUNTY, NEBRASKA

| | |
|---|---|
| SHERRY DAMROW,<br><br>          Plaintiff,<br><br>vs.<br><br>FIRST NATIONAL BANK OF HOLDREGE,<br>KENNETH SLOMINSKI, ERIC TITUS,<br>RONALD STERR, TIM WIEBE, JEANETTE<br>HARDEN, KIRK RILEY, MARK UTTER,<br>and DOUGLAS SCOTT LATTER,<br><br>          Defendants. | CASE NO. CI04-210<br><br><br>AMENDED COMPLAINT AND<br>JURY DEMAND  |

COMES NOW Sherry Damrow (herein "Plaintiff"), by and through her attorneys Bacon & Vinton, LLC and P. Stephen Potter, PC, and for her Complaint against the Defendants and each of them, states and alleges as follows:

### PARTIES, RELEVANT NON-PARTIES JURISDICTION, VENUE

1. Plaintiff is a resident of Phelps County, Nebraska. Plaintiff was formerly married to Dennis Damrow. The marriage of Plaintiff and Dennis Damrow was dissolved by the District Court of Phelps County, Nebraska, Case No. 01-114 on August 6, 2002. Pursuant to the terms of the decree entered in that case, all claims of Dennis Damrow against the Defendants herein were awarded and assigned to Plaintiff

2. First National Bank of Holdrege (hereafter "FNB Holdrege") is a national banking corporation with offices in Holdrege, Nebraska. At times material to this action, FNB Holdrege has acted through its officers and agents, including, Defendants Kenneth Slominski, Eric Titus, Ronald Sterr, Tim Wiebe, Jeanette Harden, Kirk Riley, Mark Utter and Douglas Scott Latter.

3. Kenneth Slominski ("Slominski") is the former president of FNB Holdrege, and is named in his former capacity and individually.

FEB 0 4 2005

... L. NELSON
... DISTRICT COURT

4.      Eric Titus ("Titus") is a current officer and director of FNB Holdrege and is named in this capacity and individually.

5.      Ronald Sterr ("Sterr") is a former officer and employee of FNB Holdrege and is named in this capacity and individually.

6.      Tim Wiebe ("Wiebe") is a former officer and employee of FNB Holdrege and is named in this capacity and individually.

7.      Jeanette Harden ("Harden") is a former officer and employee of FNB Holdrege and is named in this capacity and individually.

8.      Kirk Riley ("Riley") is a former officer and employee of FNB Holdrege and is named in this capacity and individually.

9.      Mark Utter ("Utter") is a former officer and director of FNB Holdrege and is named in this capacity and individually.

10.     Douglas Scott Latter ("Latter") is a current officer and employee of FNB Holdrege and is named in this capacity and individually.

11.     Damrow Cattle Inc. is a Nebraska Corporation that operated a feedlot feeding its own cattle and cattle owned by third parties.

12.     DFF, Inc. (herein "Damrow Finance"), was an affiliate of Damrow Cattle and provided financing to Damrow Cattle's customers. FNB Holdrege provided Damrow Finance the funds that Damrow Finance loaned to Damrow Cattle's customers so they could finance the purchase, ownership, and feeding of cattle at Damrow Cattle's feedlot(s). FNB Holdrege also provided Damrow Cattle the financing Damrow Cattle needed to procure cattle and to meet its working capital needs.

13.     Damrow & Damrow is a general partnership in which Dennis Damrow and Martin Damrow are general partners.

14. Damrow Farms is a general partnership in which Donald C. Damrow, Dennis R. Damrow and Martin L. Damrow are general partners.

15. Carter Feeders, Inc. (herein "Carter") is a Nebraska Corporation which owns and operates a feedlot near Orleans, Nebraska.

16. Pursuant to Neb. Rev. Stat. §§ 25-403.01 and 25-403.02, Phelps County is the appropriate venue for this matter.

## FACTS COMMON TO ALL CLAIMS

17. Based upon information and belief, the following facts are stated. At all times material, Damrow Cattle, Inc. ("Damrow Cattle") operated a feedlot feeding its own cattle and cattle owned by third parties.

18. In and about 1997, and continuing through April 14, 2000 FNB Holdrege sold to First National Bank of Omaha ("FNB Omaha") participations in loans made by FNB Holdrege to Damrow Cattle and Damrow Finance. Under the terms of their participation agreement(s), the participations had the effect of reducing FNB Holdrege's loan balances owed by Damrow Cattle and Damrow Finance.

19. In early 2000, FNB Holdrege approached FNB Omaha about having FNB Omaha completely refinance loans made by FNB Holdrege to Damrow Cattle and Damrow Finance.

20. On or about April 14, 2000, at the request and inducement of FNB Holdrege, FNB Omaha, FNB Holdrege and Damrow Cattle entered into an agreement whereby FNB Omaha agreed to refinance FNB Holdrege's loans to Damrow Cattle and Damrow Finance (hereinafter the "FNB Omaha/Damrow Cattle Take Out Loan"). The terms of such agreement provided that FNB Omaha agreed to lend Damrow Cattle and sufficient funds to pay off its loans from FNB Holdrege, in the form of a short term "bridge note" in the amount of $1,300,000.00, an operating note in the amount of $4,000,000.00, and a customer finance note of $4,000,000.00.

Damrow Cattle agreed to procure the agreement of Damrow Farms to sell a feed lot and
adjoining real estate owned partially by Damrow Farms and partially by Damrow Cattle for the
sum of $2,000,000.00, and apply the net sale proceeds, after payment of closing costs and a first
lien held by MetLife in the amount of slightly under $1,000,000.00, to the FNB Omaha
$1,300,000.00 bridge note. Damrow Cattle complied with all conditions imposed upon it by FNB
Omaha and FNB Holdrege in order to refinance its debt owed to FNB Holdrege, by selling the
feedlot and real estate for $2,000,000.00, which sale was closed on July 23, 2000. FNB Holdrege
failed to apply the sale proceeds to Damrow Cattle's debt to FNB Omaha, and instead applied
the net sale proceeds after payment of the MetLife first lien to an indebtedness incurred by
Damrow Cattle as a result of a settlement with the bankruptcy trustee in the John Morken
bankruptcy.

21.     At or near the time FNB Holdrege induced FNB Omaha to refinance the Damrow
Cattle loans, FNB Omaha agreed to continue to provide operating financing to Damrow Cattle.
In reliance on these representations, Damrow Cattle entered into agreements to purchase and
feed cattle for Plaintiff and Dennis Damrow.

22.     In inducing the FNB Omaha/Damrow Cattle Take Out Loan, FNB Holdrege
intentionally provided commercial information which was inaccurate. FNB Holdrege knew and
it was also reasonably foreseeable that the commercial information supplied by FNB Holdrege
in connection with Damrow Cattle financing would be given to and relied upon by third parties,
including Plaintiff and Dennis Damrow. Plaintiff relied upon FNB Holdrege's commercial
information.

23.     At all times material, FNB Holdrege knew about, coordinated and actively
arranged the making of the FNB Omaha/Damrow Cattle Take Out Loan.

24.     On January 11, 2001, within 8 months of making the FNB Omaha/Damrow Cattle Take Out Loan, and as a result of FNB Holdrege's actions and misrepresentations as set forth herein, FNB Omaha withdrew its loan commitment to Damrow Cattle and Damrow Cattle was placed in receivership by the District Court of Phelps County, Nebraska. At the time such receivership was filed, Plaintiff and Dennis Damrow became aware that Damrow Cattle may be unable to perform under its contract with Plaintiff and Dennis Damrow for the purchase and feeding of cattle, and that Damrow Cattle may be unaware to repay the amounts paid by Plaintiff and Dennis Damrow for prepaid feed.

25.     Upon information and belief, both prior to and on January 11, 2001, FNB Holdrege and Defendants Slominski, Titus, Sterr, Wiebe, Harden, Riley, Utter and Latter, knew, participated and otherwise organized a fraud upon Damrow Cattle's creditors and cattle feeding customers, including FNB Omaha and Plaintiff as a participant in the FNB Omaha/Damrow Cattle Take Out Loan. More specifically, Defendants knew that Damrow Cattle's operating loan would be terminated. Based upon concealments, conspiracies, misrepresentations and actively participating in fraud, Defendants misled Plaintiff and Dennis Damrow into entering into contracts with Damrow Cattle for the purchase of cattle and feed.

26.     FNB Holdrege and Defendants Sterr, Wiebe, Riley, Utter, Latter and Harden in October and November of 1999 caused Damrow Cattle loan proceeds and cattle sale proceeds to be improperly paid to Carter, in the amount of $1,044,526.76, causing a further inability of Damrow Cattle to meet its financial commitments. The application of such funds is a violation of the participation agreement between FNB Holdrege and FNB Omaha.

27.     FNB Holdrege and Defendants Sterr, Wiebe, Riley, Utter, Harden and Latter, in October and November 1999, caused Dennis Damrow and Plaintiff's cattle sale proceeds and funds borrowed by Dennis Damrow and Plaintiff from their individual line of credit at FNB

Holdrege to be paid to Carter. Dennis Damrow and Plaintiff's line of credit was participated 100% to FNB Omaha. The application of such funds is a violation of the participation agreement between FNB Holdrege and FNB Omaha.

28.     Damrow Cattle is now insolvent and unable to pay any of the amounts it owes Plaintiff.

29.     As a result of the actions and misrepresentations of FNB Holdrege and the other Defendants as set forth above, the Plaintiff was unable to continue to make payments on her home mortgage in favor of Adams Bank and Trust Company. As a result of the Plaintiff's inability to pay, Adams Bank and Trust Company sold such house at Sheriff's Sale. At such Sheriff's Sale, held on September 26, 2001, the home sold for $311,000.00. The home, at such time, had a fair market value, if properly marketed, of $443,000.00. Therefore, Plaintiff lost the sum of $132,000.00 as a result of actions of FNB Holdrege and the other Defendants as set forth above.

30.     As a result of the actions and misrepresentations of FNB Holdrege and the other Defendants as set forth above, Damrow & Damrow was forced to sell certain land owned by it to pay indebtedness it incurred in order to provide financial support to Damrow Cattle. Such real estate was sold for $475,000.00, and $507,819.10 was required in order to pay all debts secured by such land and closing costs. Plaintiff and Dennis Damrow paid the shortage of $32,819.10. But for the actions and misrepresentations of the Defendants, Plaintiff and Dennis Damrow would not have been required to pay such sum. Plaintiff and Dennis Damrow have not been repaid such sum by Damrow Cattle and Damrow Cattle has been rendered and insolvent and unable to repay said amount, as a result of the actions and misrepresentations of the Defendants.

31.     In reliance upon the representations of FNB Holdrege described above, Damrow Cattle entered into a contract with Dennis Damrow and Plaintiff to purchase feeder cattle for

$314,929.00. Dennis Damrow and Plaintiff paid Damrow Cattle the sum of $314,929.00 for such cattle.

32.    As a result of the actions and misrepresentations of FNB Holdrege and the other Defendants as set forth above, Dennis Damrow was forced to sell his stock in Carter to FNB Holdrege for $75,000.00, to raise funds to pay operating expenses, living expenses and legal fees. Such stock had a fair market value, at such time, of $410,000.00. But for the actions of FNB Holdrege and the other Defendants as set forth herein Dennis Damrow would not have been forced to sell such stock for the discounted price of $75,000.00.

### FIRST CLAIM FOR RELIEF
#### (Breach of Contract)

33.    The Plaintiff realleges and incorporates by reference herein all of the foregoing paragraphs of this Complaint.

34.    The actions and misrepresentations of FNB Holdrege and the other Defendants as set forth above caused FNB Omaha to withdraw its loan commitment to Damrow Cattle. The withdrawal of the loan commitment, caused Damrow Cattle to be unable to perform under its contract with Dennis Damrow and Plaintiff to feed cattle.

35.    The Defendants' actions in supplying false and misleading information, and causing feedlot and real estate sale proceeds to be misapplied constitute a breach of the contract between FNB Holdrege, FNB Omaha and Damrow Cattle.

36.    Plaintiff and Dennis Damrow are a third party beneficiaries of the contract described above and Plaintiff is entitled to recover her damages resulting from the breach of such contract from the Defendants.

37.    Dennis Damrow and Plaintiff have not been repaid for the money they invested to purchase cattle, and have not received the sale proceeds from the sale of cattle purchased by them.

## SECOND CLAIM FOR RELIEF
### (Unjust Enrichment)

38.    Plaintiff realleges and incorporates by reference all the foregoing paragraphs of this Complaint.

39.    The Defendant, FNB Holdrege, received the benefit of the investment in cattle by Dennis Damrow, and the benefit of the below market value purchase of Dennis Damrow's stock in Carter. The Defendant FNB Holdrege knowingly accepted such benefits.

40.    It is unequitable and unconscionable to allow FNB Holdrege to receive the benefits of the money invested for the feeding of cattle by Dennis Damrow, and the equity in Dennis Damrow's stock in Carter and FNB Holdrege should be required to repay to the Plaintiff the money and value received.

## THIRD CLAIM FOR RELIEF
### (Fraudulent Misrepresentation / Fraudulent Inducement)

41.    Plaintiff realleges and incorporates by reference herein all the foregoing paragraphs of this Complaint.

42.    To induce Plaintiff to pay funds to Damrow Cattle to purchase cattle, Defendants directly and indirectly delivered materially inaccurate and otherwise false documents and information upon which Plaintiff reasonably relied in entering into said contracts.

43.    Upon information and belief, Defendants knowingly and intentionally misrepresented the financial condition of Damrow Cattle and concealed their pattern of misconduct intending to fraudulently induce Plaintiff into paying funds to Damrow Cattle to purchase cattle.

44.     These representations included, without limitation, verbal and written statements to Damrow Cattle, upon which Plaintiff relied, and verbal statements directly to Plaintiff.

45.     Defendants made these material misrepresentations to Damrow Cattle and Plaintiff, as a positive assertions knowing said misrepresentations to be false when made and/or with a reckless disregard for their truth or falsity.

46.     Defendants fraudulently made said representations with the knowledge and/or intention that Damrow Cattle and Plaintiff, would rely upon them and said representations were specifically intended to and did induce Plaintiff to pay funds to Damrow Cattle and to purchase cattle.

47.     Had Plaintiff been aware of the true facts and information that Defendants misrepresented, concealed, and otherwise failed and neglected to disclose, Plaintiff would not have entered into the cattle purchase contract, and would have refused to do business generally with Damrow Cattle. But for the Defendants' conduct, Plaintiff would not have sustained its damages alleged herein.

48.     As a direct and proximate result of the foregoing, Plaintiff has been damaged by its losses in connection with his payment of funds to Damrow Cattle for the purchase of cattle.

### FOURTH CLAIM FOR RELIEF
### (Fraudulent Concealment / Fraudulent Nondisclosure)

49.     Plaintiff realleges and incorporates by reference all the foregoing paragraphs of this Complaint.

50.     Defendants knowingly and intentionally concealed and/or suppressed material information from Damrow Cattle and Plaintiff, regarding the true financial condition of Damrow Cattle, which information was known by Defendants. More specifically, Defendants knew and concealed or suppressed from Plaintiff certain liabilities and facts, which were not within the

reasonably diligent attention, observation, and judgment of Plaintiff including at least the following: (1) liabilities of Damrow Cattle to Damrow Finance; (2) liabilities of Damrow Finance to FNB Holdrege; (3) liabilities of Damrow Cattle's customers to Damrow Finance; (4) liabilities of Damrow Cattle's customers to FNB Holdrege; and (5) the misdirection of the cash flow at Damrow Cattle.

51.     Defendants had a duty to disclose the true facts concerning the nature of Damrow Cattle's true financial condition, and knew or should have known that ascertainment of these true facts was not within reach of the reasonable diligent attention, observation, and judgment of Plaintiff because of Defendants' affirmative acts and efforts to conceal the same.

52.     Plaintiff was not on notice of, and was not aware of the false misleading nature of Defendants' concealments and/or of the existence of the true facts which had been concealed and/or suppressed.

53.     Defendants' intentional nondisclosures and concealments of material information from Plaintiff were designed to mislead and prevent Plaintiff from learning the true financial condition of Damrow Cattle.

54.     Defendants' intentional nondisclosures and concealments were intended to and did induce Plaintiff into entering into a cattle feeding contract with Damrow Cattle.

55.     As a direct and proximate result of Defendants' knowing and intentional nondisclosures and concealments, Plaintiff was reasonably misled about the true financial condition of Damrow Cattle.

56.     As a direct and proximate result of the foregoing, Plaintiff has been damaged by its losses in connection with the corn and cattle contracts.

## FIFTH CLAIM FOR RELIEF
### (Negligent Misrepresentation)

57.     Plaintiff realleges and incorporates by reference all the foregoing paragraphs of this Complaint.

58.     Defendants negligently and/or recklessly, directly and/or recklessly, directly and/or indirectly, supplied false and misleading documents and information to Damrow Cattle and Plaintiff and/or failed to exercise reasonable care, caution and competence in obtaining and communication these documents and information to FNB Omaha, Damrow Cattle and Plaintiff.

59.     Defendants knew or should have known about the material facts and information concerning improper loan activities regarding Damrow Cattle both before and after Plaintiff entered into the corn contract with Damrow Cattle and loan agreements with Damrow Cattle.

60.     Plaintiff justifiably and reasonable relied on the documents and information to its damage and detriment.

61.     As a direct and proximate result of the foregoing, Plaintiff has been damaged by its losses in connection with the corn contract and loans to Damrow Cattle.

## SIXTH CLAIM FOR RELIEF
### (Conspiracy to Defraud Plaintiff)

62.     Plaintiff realleges and incorporates by reference all the foregoing paragraphs of this Complaint.

63.     Defendants conspired with one another to develop and implement plans to defraud Plaintiff regarding the true nature of Damrow Cattle's financial condition, misapplication of Proceeds and insolvency.

64.     The purpose and intent of Defendants' preconceived plan and conspiracy was to induce Plaintiff into supplying funds for Damrow Cattle to purchase cattle.

65.     Defendants carried out this preconceived plan by unlawfully concealing and misrepresenting the material facts and information regarding Damrow Cattle's true financial condition, including misapplication of Proceeds and insolvency.

## SEVENTH CLAIM FOR RELIEF
### (Violation of Racketeer Influence and Corrupt Organizations Act ("RICO"), 18 U.S.C. §1961 et seq.)

66.     Plaintiff realleges and incorporates by reference all the foregoing paragraphs of this Complaint.

67.     As applicable herein, the term "mailed" refers to the United States' Mails and/or any other common carrier. The term "wired" or "faxed" means the use of interstate and/or intrastate wires.

68.     FNB Holdrege is a "person" as that term is defined in the RICO statute, 18 U.S.C. §1961(3).

69.     FNB Holdrege is a federally chartered banking association and is an "enterprise" as that term is defined in the RICO statute, 18 U.S.C. §1961.

70.     Upon information and belief FNB Holdrege and the other Defendants have engaged in more than two predicate acts as hereinabove alleged which constitute a pattern of racketeering activity as those terms are defined under the RICO statute, 18 U.S.C. §1961. Upon information and belief from as early as 1994 until April 2000, FNB Holdrege engaged in and committed various offenses involving acts which are prohibited under, *inter alia*, 18 U.S.C. §1941 (mail fraud), 18 U.S.C. §1343 (wire fraud), and 18 U.S.C. §1344 (financial institution fraud) which further constitute a patter of racketeering activity by and through a series of predicate acts which have continuity and a relationship to each other and that amounted to a threat of continued, unlawful and illegal activity. Upon information and belief FNB Holdrege has and other named Defendants have, through a series of predicate acts and pattern of racketeering

activity, all of which were in violation of 18 U.S.C. §1962, caused Plaintiff to be damaged in an amount to be proved at trial.

71.   Upon information and belief FNB Holdrege, and the other Defendants, have conducted and participated, directly and indirectly, in the conduct of business with Damrow Cattle and Plaintiff through a series of predicate acts and a pattern of racketeering activity, all in violation of the RICO statute, 18 U.S.C. §1962, which has caused and continues to cause damage to Plaintiff in an amount to be proved at trial.

72.   Upon information and belief FNB Holdrege and the other named Defendants have conspired to violate 18U.S.C. §1962(b) and 18 U.S.C. §1962(c), in violation of 18 U.S.C. §1962(d), all as alleged herein.

73.   As the direct and proximate result of the foregoing, Plaintiff has sustained and will continue to sustain damages. Plaintiff is entitled to recover treble damages and the costs of this suit, including reasonable attorneys' fees, pursuant to 18 U.S.C. §1964(c).

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, respectfully requests that the Court enter judgment against Defendant First National Bank of Holdrege, Defendant Kenneth Slominski, Defendant Eric

Titus, Defendant Sterr, Defendant Wiebe, Defendant Harden, Defendant Riley, Defendant Utter,

and Defendant Latter jointly and severally, as follows: (a) for special damages as proven at trial;

(b) for general damages as proven at trial; (c) for pre-judgment interest and post-judgment

interest as allowed by law; (d) for treble damages and attorneys' fees and costs incurred; and (e)

for such other and further relief, including consequential damages deemed appropriate by the

Court.

## JURY DEMAND

Plaintiff respectfully demands trial by jury.

Dated this 3 day of ~~January~~ February, 2005.

Sherry Damrow, Plaintiff

## VERIFICATION

STATE OF NEBRASKA )
                  ) SS
COUNTY OF Dawson  )

The undersigned, Sherry Damrow hereby declares and affirms that she has read the

foregoing Amended Complaint and that its contents are true and correct to the best of her

knowledge and belief.

Sherry Damrow

Subscribed to and sworn before me, a Notary Public, on this 3 day of ~~January,~~ February 2005.

GENERAL NOTARY - State of Nebraska
LINZY A. HOESEL
My Comm. Exp. Oct. 1, 2005

Notary Public

Steven P. Vinton, #17817
BACON & VINTON, LLC
Attorneys at Law
416 10th Street, PO Box 208
Gothenburg, NE 69138
(308) 537-7161
and,



P. Stephen Potter, #13371
P. STEPHEN POTTER, P.C.
Attorney at Law
822 Lake Avenue, PO Box 348
Gothenburg, NE 69138
(308) 537-7119
Attorneys for Plaintiff

IN THE DISTRICT COURT OF PHELPS COUNTY, NEBRASKA

SHERRY DAMROW,                          )      CASE NO.  CI04-210
                                        )
              Plaintiff,                )
                                        )
       vs.                              )
                                        )
FIRST NATIONAL BANK OF HOLDREGE, )             **VOLUNTARY APPEARANCE OF**
KENNETH SLOMINSKY, ERIC TITUS,          )      **FIRST NATIONAL BANK OF**
RONALD STERR, TIM WIEBE, JEANETTE )            **HOLDREGE, ERIC TITUS, AND**
HARDEN, KIRK RILEY, MARK UTTER,         )      **DOUGLAS SCOTT LATTER**
and DOUGLAS SCOTT LATTER,               )
                                        )
              Defendant.                )
                                        )
                                        )

     COME NOW Defendants, First National Bank of Holdrege ("FNBH"), Eric Titus
("Titus"), and Douglas Scott Latter ("Latter"), and hereby enter their Voluntary Appearance in
the above-entitled action submitting themselves to the jurisdiction of the Court as fully and
completely as if fully served a summons herein but reserving their right to answer or otherwise
plead. FNBH, Titus, and Latter acknowledge receipt of a copy of the Amended Complaint filed
herein.

     DATED this 16th day of February, 2005.

EXHIBIT "C"

FIRST NATIONAL BANK OF HOLDREGE,
ERIC TITUS,  and DOUGLAS SCOTT
LATTER, Defendants

By: _____
William F. Hargens, NE #16578
Robert J. Bothe, NE #15018
James J. Niemeier, NE #18838
Matt Lytle, NE #22928
McGrath North Mullin & Kratz, PC LLO
Suite 3700 First National Tower
1601 Dodge St.
Omaha, Nebraska 68102
(402) 341-3070
(402) 341-0216 fax
whargens@mnmk.com
rbothe@mnmk.com
jniemeier@mnmk.com
mlytle@mnmk.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served on the following listed below by United States mail, postage prepaid, this _16th_ day of February, 2005.

Steven P. Vinton
BACON & VINTON, LLC
416 10th Street
P.O. Box 208
Gothenburg, NE  69138

P. Stephen Potter
P. STEPHEN POTTER, P.C.
822 Lake Avenue
P.O. Box 348
Gothenburg, NE  69138

_____
Matthew W. Lytle

Doc. No.    2996

IN THE DISTRICT COURT OF Phelps COUNTY, NEBRASKA
Phelps County Courthouse
715 5th Ave., P.O. Box 462
Holdredge          NE 68949 0462
SUMMONS

Sherry Damrow v. First National Bank of Holdrege, *et al*

Case ID: CI 04    210.

TO:  Kenneth Slominski

You have been sued by the following plaintiff(s):

Sherry Damrow

Plaintiff's Attorney:    Steven P Vinton
Address:                 416 10th Street
                         P.O. Box 208
                         Gothenburg, NE 69138-0208
Telephone:               (308) 537-7161

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties within 30 days of service of
the complaint/petition and filed with the office of the clerk of the court
within a reasonable time after service. If you fail to respond, the court may
enter judgment for the relief demanded in the complaint/petition.

Date:  FEBRUARY 4, 2005     BY THE COURT:

                                              Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

        Kenneth Slominski
        5008 Avenue P Place
        Kearney, NE 68847

Method of service:  Certified Mail

You are directed to make such service within twenty days after date of issue,
and show proof of service as provided by law.

EXHIBIT "D"

                                                  Doc. No.      2997

         IN THE DISTRICT COURT OF Phelps COUNTY, NEBRASKA
              · Phelps County Courthouse
                715 5th Ave., P.O. Box 462
                Holdredge          NE 68949 0462
                         SUMMONS

Sherry Damrow v. First National Bank of Holdrege *et al*
                                                   Case ID: CI 04      210

TO:   Ronald Sterr


You have been sued by the following plaintiff(s):

      Sherry Damrow




Plaintiff's Attorney:      Steven P Vinton
Address:                   416 10th Street
                           P.O. Box 208
                           Gothenburg, NE 69138-0208
Telephone:                 (308) 537-7161

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties within 30 days of service of
the complaint/petition and filed with the office of the clerk of the court
within a reasonable time after service. If you fail to respond, the court may
enter judgment for the relief demanded in the complaint/petition.

Date: FEBRUARY 4, 2005      BY THE COURT: _Jennifer Nelson_
                                          Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

                                                          EXHIBIT "E"
      Ronald Sterr
      10237 Timothy Street
      Debuque, IA 52003-8915

Method of service:  Certified Mail

You are directed to make such service within twenty days after date of issue,
and show proof of service as provided by law.